UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JESSE L. MORMAN                                                                  CIVIL ACTION

VERSUS                                                                                   NO. 12-339

TWENTY-SECOND JUDICIAL DISTRICT                                  SECTION "H"(1)
COURT, ST. TAMMANY, ET AL.

## REPORT AND RECOMMENDATION

Plaintiff, Jesse L. Morman, a state prisoner, filed this federal civil rights action claiming that he has been wrongfully convicted and imprisoned. A review of this Court's records reveals that this is not plaintiff's first attempt to challenge his 1996 conviction for possession of marijuana with the intent to distribute. For example, in 2004, he filed a petition seeking *habeas corpus* relief pursuant to 28 U.S.C. 2254. That petition was dismissed with prejudice by United States District Judge Helen G. Berrigan in 2006. Morman v. Miller, Civ. Action No. 04-3338 (E.D. La. Feb. 3, 2006).[1] In 2009, he attempted to file another such petition; however, the United States Fifth Circuit Court of Appeals denied him authorization to file a second or successive *habeas corpus* application. *In re* Morman, No. 09-30106 (5th Cir. Apr. 28, 2009). Meeting with no success in those proceedings, plaintiff has now decided to instead seek relief under the federal civil rights laws. However, this attempt also fails for the following reasons.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks

---

[1] "A court may take judicial notice of related proceedings and records in cases before the same court." MacMillan Bloedel Ltd. v. Flintkote Co., 760 F.2d 580, 587 (5th Cir. 1985).

redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires: "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous ...." 28 U.S.C. § 1915A(b)(1).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action ... is frivolous ...." 28 U.S.C. § 1915(e)(2)(B)(i).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

Although broadly construing plaintiff's complaint,[2] it is clear that plaintiff's federal civil rights claims are frivolous because they are currently are barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court explained that a prisoner may not bring a federal civil rights claim if a finding in his favor on that claim would necessarily imply the invalidity of an outstanding criminal conviction or sentence. The Court stated:

---

[2] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (footnote omitted).

Because plaintiff's claims clearly challenge the validity of his conviction and current imprisonment, and because success on his claims in this Court would necessarily imply the invalidity of that state conviction, Heck bars his federal civil rights claims until such time as his conviction has been invalidated in an appropriate state or federal proceeding. Claims barred by Heck are legally frivolous. Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir. 1996).[3]

---

[3] Lastly, the Court notes that, as part of his prayer for relief, plaintiff includes a request that this Court invalidate his state criminal judgment and order his immediate release from incarceration. However, those forms of relief cannot even be granted in a § 1983 action; rather, to obtain those forms of relief, plaintiff must file a *habeas corpus* petition pursuant to 28 U.S.C. § 2254. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); see also Boyd v. Biggers, 31 F.3d 279, 283 n.4 (5th Cir. 1994). Moreover, it would be futile to construe the instant complaint in part as a § 2254 petition, because, as noted, plaintiff has already filed a prior petition challenging that conviction, and that federal *habeas corpus* petition was dismissed with prejudice. Morman v. Miller, Civ. Action No. 04-3338 (E.D. La. Feb. 3, 2006). Therefore, as he well knows, he must obtain permission from the United States Fifth Circuit Court of Appeals before filing a "second or successive" § 2254 petition. 28 U.S.C. § 2244(b). He has not obtained such permission, and so any request for *habeas corpus* relief is not properly before this Court.

3

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's claims be **DISMISSED WITH PREJUDICE** to their being asserted again until the Heck conditions are met.[4]

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[5]

New Orleans, Louisiana, this twenty-second day of February, 2012.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] See DeLeon v. City of Corpus Christi, 488 F.3d 649, 657 (5th Cir. 2007) ("A preferred order of dismissal in Heck cases decrees, 'Plaintiffs claims are dismissed with prejudice to their being asserted again until the Heck conditions are met.'").

[5] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.