UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


JESSE MORMAN                                          CIVIL ACTION


VERSUS                                                NO: 12-339


22ND JDC ST. TAMMANY, LA ET AL.                      SECTION: "H"(1)


ORDER AND REASONS

Before the Court is Plaintiff's Motion for Relief from Judgment (Doc. 8).
For the following reasons, the Motion is DENIED.


BACKGROUND

On February 2, 2012, Plaintiff Jesse L. Morman, a state prisoner, filed
this federal civil rights action claiming that he was wrongfully convicted and
imprisoned.  This Court dismissed his Complaint as frivolous because it was
barred by the United States Supreme Court's ruling in *Heck v. Humphrey*,
which held that a prisoner may not bring a § 1983 case if a ruling in his favor
on that claim would necessarily result in a finding that his criminal conviction

or sentence is invalid.[1]  This Court stated that "because success on his claims in this Court would necessarily imply the invalidity of that state conviction, *Heck* bars [Plaintiff's] federal civil rights claims until such time as his conviction has been invalidated in an appropriate state or federal proceeding."[2] Plaintiff has now requested relief from that judgment.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 60, there are six reasons for which this Court is authorized to grant relief from final judgment:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

"Rule 60(b)(6) has been described as a "residual clause used to cover unforeseen contingencies," and as "a means for accomplishing justice in exceptional

---

[1] *See Heck v. Humphrey*, 512 U.S. 477 (1994).

[2] Doc. 4. *See Heck*, 512 U.S. at 486 ("[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.").

circumstances."[3]  The Fifth Circuit has promulgated factors that should inform

a district court's decision of whether to grant relief from final judgment:

> (1) that final judgments should not lightly be disturbed;
> (2) that the Rule 60(b) motion is not to be used as a substitute for appeal;
> (3) that the rule should be liberally construed in order to achieve substantial justice;
> (4) whether the motion was made within a reasonable time;
> (5) whether if the judgment was a default or a dismissal in which there was no consideration of the merits the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense;
> (6) whether if the judgment was rendered after a trial on the merits the movant had a fair opportunity to present his claim or defense;
> (7) whether there are intervening equities that would make it inequitable to grant relief; and
> (8) any other factors relevant to the justice of the judgment under attack.
> These factors are to be considered in the light of the great desirability of preserving the principle of the finality of judgments.[4]

"A motion under Rule 60(b) must be made within a reasonable time—and for

reasons (1), (2), and (3) no more than a year after the entry of the judgment or

order or the date of the proceeding."[5]

---

[3] *Shoemaker v. Estis Well Serv., L.L.C.*, No. 14-163, 2015 WL 4875467, at *13 (E.D. La. Aug. 12, 2015).
[4] *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).
[5] Fed. R. Civ. P. 60.

3

## LAW AND ANALYSIS

On September 3, 2015, Plaintiff filed the instant Motion for Relief from Judgment.   In his Motion, Plaintiff makes much the same arguments presented in his original Complaint.   He argues that his conviction was improper because no witness testified against him, and he, an African American, was convicted by an all-white jury.   Importantly, his Motion does *not* indicate that his conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," as required by *Heck*.[6]   Accordingly, he has not remedied the impediment identified by this Court's prior order, and he has not identified a Rule 60 ground under which this Court could grant him relief from judgment.

In addition, Plaintiff's Motion was filed nearly three and a half years after judgment was entered in this case.   Rule 60 states that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."[7]   Although Plaintiff's Motion does not indicate under which reason he seeks relief, it is unlikely that his Motion could be considered timely filed. "A reasonable time for filing such a motion is defined by the particular facts and circumstances of each case."[8]   Plaintiff has not indicated any reason for the significant delay in filing this Motion nor can this Court divine one. Accordingly, it holds that Plaintiff's three-and-a-half year delay does not meet

---

[6] *Id.*

[7] Fed. R. Civ. P. 60.

[8] *Associated Marine Equip., LLC v. Jones*, 407 F. App'x 815, 816 (5th Cir. 2011).

the "reasonable time" requirement of Rule 60.  Therefore in addition to lacking merit, Plaintiff's Motion is also untimely.

## CONCLUSION

For the foregoing reasons, this Motion is DENIED.  This Court's prior judgment remains in effect.


New Orleans, Louisiana this 14th day of December, 2015.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**


5